UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1904 JGB (SPx)** | Date | November 9, 2022 |
| Title | *Julian Lopez v. Johnson and Johnson, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present     None Present

**Proceedings:**    Order (1) To Show Cause; and (2) CONTINUING the November 14, 2022 Hearing to December 5, 2022 (IN CHAMBERS)

On October 4, 2019, Plaintiff Julian Lopez ("Plaintiff" or "Lopez") filed a complaint against Defendants Johnson and Johnson ("J&J") and Ethicon, Inc. ("Ethicon") (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges seven causes of action: (1) strict liability - manufacturing defect; (2) strict liability - failure to warn; (3) negligence; (4) negligent infliction of emotional distress; (5) breach of express warranty; (6) fraudulent concealment; and (7) negligent misrepresentation. (See Compl.) On October 3, 2022, Defendants filed a motion for summary judgment. ("MSJ," Dkt. No. 54.)

The Complaint alleges diversity jurisdiction. (Id. ¶ 11.) Plaintiff is a citizen of Ontario, California. (Id. ¶ 2.) J&J is incorporated and has its principal place of business in New Jersey. (Id. ¶ 3.) Ethicon is incorporated and has its principal place of business in New Jersey. (Id. ¶ 5.) Thus, Plaintiff has plead that the parties are citizens of different states. See 28 U.S.C. § 1332(a)(1). The Complaint, however, is void of allegations that plead the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The Joint Rule 26(f) Report that the parties filed on December 19, 2019 also fails to establish that the amount in controversy exceeds $75,000. (Dkt. No. 18.) Thus, the Court determines sua sponte that Plaintiff fails to allege diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore, the Court lacks subject matter jurisdiction over this case.

Plaintiff is ordered to show cause in writing no later than **November 15, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction. The November 14, 2022 hearing on Defendants' MSJ (Dkt. No. 54) is continued to **December 5, 2022** at 9:00 a.m.

**IT IS SO ORDERED.**